# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF FLORIDA



FILED BY _____ D.C.

JUL 30 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

Delta Danielle Harris
    *Plaintiff*
    v.

CASE NO. 20-CV-14195-
ROSENBERG/MAYNARD

U.S. Department of the Interior
Deb Haaland, Secretary of the Interior
    *Defendant*

July 28, 2021

## AMENDED COMPLIANT

Comes now, Plaintiff, files this Amended Complaint which is a mixed case, pursuant to F.R.C.P. 15(a)(2), and pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et seq., 42 U.S.C. § 2000e *et seq.* (Title VII of the Civil Rights Act of 1964) as amended by the Civil Rights Act of 1991, and the Rehabilitation Act of 1973, for employment discrimination.

Plaintiff was discriminated against and subjected to a hostile work environment based on disability (adverse actions and failure to provide reasonable accommodation), reprisal (two incidents of opposition to discrimination, denied reasonable accommodations requested since 2015), prior sexual harassment complaint, and ongoing EEO activity, and disparate treatment when Plaintiff received a notice of removal and was subsequently removed from federal service.

## **GENERAL ALLEGATIONS**

1. Plaintiff, DELTA HARRIS is at all times an employee of U.S. Department of the Interior/ Fish & Wildlife Service ("the employer").

2. Defendant is at all time's material hereto Defendant U.S. Department of the Interior and doing business as Fish & Wildlife Service, Plaintiff's Employer.

3. Plaintiff appeals a mixed case for wrongful termination and wrongful discrimination against Defendant.

4. At all times material hereto Defendant either obtained an alleged initials on a document relating to leave restriction by intimidation/duress or Defendant by and through Defendant's supervisory management forged Defendant's name/initials on company documents.

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, Civil Rights Act of 1964, Title VII.; the unlawful employment practices alleged were committed or executed by supervisory personnel/management of the U.S. Department of the Interior/ Fish & Wildlife Service ("the employer")., and this Court has jurisdiction pursuant to 42 U.S.C. §§ 12112 to 12117, Americans with Disabilities Act of 1990.

6. Plaintiff performed all conditions precedent to bring this amended complaint for a mixed case involving wrongful termination and wrongful discrimination.

### Wrongful Termination

7. Plaintiff repeats and restates paragraphs 1 - 6 above.

8. Defendant at all times is obligated to comply with local, State and Federal rules and laws regarding termination of a federal employee such as Plaintiff.

9.   In 2015, Plaintiff notified Defendant of sexual harassment performed by Defendant's employee who at all times is in a project lead.

10.  The sexual harassment in the work place caused or created Plaintiff medical trauma requiring Plaintiff to seek medical treatment.

11.  Plaintiff provided Defendant copies of medical records and physicians notes including but not limited to physicians diagnosis of Plaintiff suffering from anxiety arising from sexual harassment, and arising from anxiety from hostile work environment.

12.  Defendant and MSPB discounted the multiple pages of Plaintiff's medical records, physicians notes, medical diagnosis, therapy and medical treatment of Plaintiff's anxiety, Plaintiff's physician stated the Plaintiff blood pressure was so high putting Plaintiff in severe damage of a stroke both arising/resulting from the sexual harassment in the workplace and the pervasive hostile work environment.

13.  Defendant argued in front of MSPB, without support, suggesting Plaintiff suffered anxiety from the death of her mother and not due to sexual harassment or hostile work environment.

14.  Defendant's argument is false, not supported by any medical records or physician's notes, including but not limited to Plaintiff's therapist's notes, which MSPB ignored or overlooked.

15.  At all times material hereto, when Plaintiff complained about the sexual harassment, Defendant through Defendant's supervisor/management did not address the issues, failed to take proper action including but not limited to denying Plaintiff reasonable accommodations, required Plaintiff to remain in close proximity, changed

Plaintiff's schedule to her detriment, denied promotion, put Plaintiff on leave restrictions for years.

16. Defendant, through Defendant's supervisor/management, discriminated and retaliated against Plaintiff by removal, termination of employment.

17. Defendant removed Plaintiff from employment claiming: 1) The AWOL 2) Failure To Follow Leave Procedures, 3) Lack Of Candor, 4) Misuse Of Government Vehicle (GOV), 5) Inappropriate Conduct.

18. Plaintiff's removal was the result of Defendant employer's discrimination on the basis of disability discrimination, prior EEO activities, sexual harassment, and retaliation, which is a prohibited personnel practice under 5 U.S.C. 2302(b)(1).

After Plaintiff filed her complaint claiming wrongful termination, MSPB decided in favor of the agency relying on Agency's statements and not the facts leading to the termination. Pretext to the event was disregarded my MSPB decision.

19. Plaintiff's removal from employment wrongfully took place base on Defendant's failure to take proper action upon giving notice of sexual harassment, failure to make reasonable accommodation Plaintiff repeatedly requested, based on discriminating against Plaintiff removing her from her work area instead of the offending sexual predator.

20. Defendant action(s) are contrary to law in violation of Title 7 of the Civil Rights Act prohibiting retaliation for opposing discrimination or engaging in EEO activity.

21. MSPB failed to recognize and give weight to the evidence Plaintiff presented including but not limited to: (1) Plaintiff engaged in a protected activity; (2)

the accused official knew or should have known of the protected activity; (3) the agency action under review (removal) is more likely than not to be retaliatory conduct under the circumstances; and (4) there was a genuine nexus between the alleged retaliation and the agency's lack of action in response to the complaint of sexual harassment against a lead project manager.

22. Prior to removal Employer (Agency) and MSPB failed to consider mitigating factors such as the employee's potential for rehabilitation, the Agency failed to balance factors against the seriousness of the offense, failed to consider factors of the effect on the duties of the position and the mission of the organization.

23. MSPB failed to give proper considerable weight to mitigating factors including but not limited to:

  Charge 1: AWOL

1. Plaintiff had no pattern of similar conduct.

2. Plaintiff's actions were not malicious or intentional.

3. Plaintiff acted out of necessity due to anxiety, duress.

4. Plaintiff's actions were due to temporary emotional stress or severe provocation.

5. Plaintiff presented evidence of remorse for actions; Plaintiff expressed sincere remorse, and apologized.

 Charge 2: Improper Claim Failure to Follow Leave Procedures

1. Plaintiff was wrongfully placed on Leave Restriction for over three (3) years due to being disabled and proved disability prior to being on leave restriction.

2. Plaintiff proved she can perform the essential functions of her job with reasonable accommodations.

3. Plaintiff requested reasonable accommodation(s) for years.

4. Agency denied Plaintiff's repeated accommodation requests 2015 - 2018.

Charge 3: Lack of Candor

1. Plaintiff had no pattern of similar conduct.

2. Plaintiff was under duress, fear.

3. Plaintiff did not act malicious or with intentional actions.

4. Plaintiff used GOV used for Official Use only and as authorized; policy states that illness is a valid reason to cancel a trip while using a GOV.

5. Careless action -- apologized and expressed sincere remorse.

6. Told that explanation to the charged action would reduce the consequences.

Charge 4: Misuse of Government-owned Vehicle (GOV)

1. Plaintiff used the GOV used for Official Use only and as authorized in the policy.

2. No evidence support the misuse of the GOV.

3. Plaintiff proved via the mileage recorded on the GOV that it was used for government use.

4. Plaintiff had no pattern of similar conduct.

5. Plaintiff did not act malicious or intentional actions.

Charge 5: Inappropriate Conduct

1. Plaintiff had no pattern of similar conduct.

  2. Plaintiff had no malicious or intentional actions.

  3. GOV used for Official Use only and as authorized.

  4. Plaintiff admits careless action, poor judgment on my part -- apologized and expressed sincere remorse.

24. MSPB failed to properly consider Plaintiff's removal was a result of reprisal for EEO activity and opposition to discrimination, including retaliatory harassment/hostile work environment, which is a prohibited personnel practice under 5 U.S.C. 2302(b)(9), the deciding official was aware of and motivated by Employer's (Agency's) participation in recent EEO activity.

25. MSPB failed to follow the weight of the evidence showing Plaintiff's removal was a result of reprisal for EEO activity and opposition to discrimination, which is a prohibited personnel practice under 5 U.S.C. 2302(b)(9),[5] and of 5 U.S.C. § 2302(b)(1), where both the proposing and deciding officials were aware of and motivated by Appellant's participation in EEO activity.

26. The next reason the decision of MSPB in favor of Defendant should be reconsidered is on the grounds Plaintiff seeks relief from denial of her claim for wrongful termination based on newly discovered evidence, specifically: forgery.

27.    It recently has come to my attention, Defendant's Leave Restriction Notice dated November 17, 2017, is not my signature/initials.

28.    Before my removal, Defendant's employee Mr. Breen came into my office for me to sign a Leave Restriction Notice/Letter which he discussed a mistake on other documents pertaining to a leave restriction notice and asked for my

signature/initials.

29.     Defendant failed to provide the entire document.

30.     Mr. Breen only handed me, Plaintiff, the last page of the leave restriction notice which only had a signature line.  When I requested to see the entire document/notice/letter, he refused to provide me the entire document and would not leave my office until/unless I signed/initialed.

31. The Leave Notice/Letter is a document that I do not recognize having my own handwriting/initialing making the document a forgery or document signed under duress.

32. Plaintiff received a notice of removal and was subsequently removed from federal service.

33. For the reasons stated, Plaintiff seeks damages, compensatory damages, incidental damages, reimbursement for medical costs, reasonable compensation for placing so much stress on me leading me, who is now 47 years old to nearly have a stroke from anxiety, having to take medical prescriptions for anxiety I never had before ( and having an adverse reaction to the prescription while at work which  in turn negatively affected my work performance), the constant hostile environment singling me out, putting me on constant surveillance, humiliating me in front of co-worker, disclosing my medical information to management about my medical negative reaction to my medication—which was being taking only because of the anxiety created from the sexual harassment  and the pervasive hostile work environment, compensation for loss of pay for lost workdays, and any relief this court deems proper, including but not limited to a new trial from MSPB, if this court deems proper.

WRONGFUL DISCRIMINATION

34.     Plaintiff repeats and states paragraphs 1 - 6 above.

35.     Defendant at all times is obligated to not to discriminate, create a hostile work environment, comply with local, State and Federal rules and laws.

36.     After Plaintiff notified Defendant through Defendant's supervisor/management's employee, Defendant's supervisor in a supervisory personnel/management capacity, Defendant failed to take proper action on Plaintiff's complaint of sexual harassment, including but not limited to removing the offender from Plaintiff's work area, failing to provide reasonable accommodations, removal of the offending party.

37.     Defendant failed to comply with local, State and Federal rules, laws by engaging in the practice of failing to make reasonable accommodations for disability based on anxiety and other diagnosis from Plaintiff's medical providers arising after the sexual harassment activity and notice of sexual harassment activity in the workplace.

38. Defendant discriminated against Plaintiff by subjecting Plaintiff to a hostile work environment from Plaintiff complaining about the sexual harassment, management ignored Plaintiff's complaints, management failed to recognize my diagnosis of disability among other management failures with policy/procedures.

39. Defendant discriminated against Plaintiff by taking adverse actions, failing to provide reasonable accommodation(s), reprisal for complaining about sexual harassment in the workplace and ongoing EEO activity, disparate treatment.

40. Plaintiff appeals the Agency's and the MSPB Administrative Judges final decisions, based on the facts the decisions are flawed and not based on the complete record and the discrimination claimed within the complaint. Agency and MSPB did

not correctly analyze the facts in the case and failed to properly apply the legal standard to the facts in Plaintiff's case:

- The initial decision contains erroneous findings of fact;
- The initial decision is based on an erroneous interpretation of law; and/or
- The ruling is inconsistent with the MSPB's rules and procedures and involved an abuse of discretion.

40. On March 16, 2018, Plaintiff was proposed for termination by Timothy Breen (Supervisory Fish & Wildlife Biologist, South Florida Ecological Services Field Office) to be removed and on April 20, 2018, Plaintiff/Appellant was removed from employment by Donald (Bob) Progulske (Everglades Program Supervisor) for (1) Absent without Leave (AWOL), (2) Failure to Follow Leave Restriction, (3)Lack of Candor, (4) Misuse of Government-Owned Vehicle (GOV), and (5)Inappropriate Conduct.

41. Plaintiff contends that the charges were not supported by evidence; that the purported infractions, even if proven true, do not warrant removal; and that the Agency failed to consider the relevant Douglas Factors.

42. The Agency's decision is not supported by preponderance of the evidence pursuant to 5 U.S.C. § 7701(c)(1)(B). Even if the Agency could prove its charge, which it cannot, it still cannot show that the penalty was within the bounds of reasonableness where the deciding official did not properly consider the *Douglas Factors*, including mitigation, lack of prior discipline, disparate treatment, and consistency of the penalty. *Douglas v. Veterans Admin.*, 5 M.S.P.R. 280, 305-06 (1981).

42. Plaintiff presented evidence showing that the penalty of Plaintiff's removal was extreme, severe, and excessive, in comparison to other employee's infractions (such as a male employee who was given retirement after proof that the employee was diving a

GOV to a strip joint, left the GOV unlocked and the keys in the car, lied about his time sheet; or another male employee who stole $40,000.00 worth of government equipment and was given retirement; thirdly, a male employee who was AWOL over a month, was charged with selling crack cocaine, heroin and all the males were given retirement.

43.     In my case, MSPB ignored or did not give considerable weight to the excessive penalty.

43.     Appellant showed MSPB Defendant Agency failed to take into consideration the extenuating circumstances and the mitigating factors involving my medical conditions and my emotional problems at various times of absence in question.

44.     Plaintiff showed that the mission of the service was not adversely impacted by her conduct.

45.     Plaintiff/Appellant showed my absence did not affect co-worker's job performance, did not affect management's trust and confidence in her job performance, and did not interfere with or adversely affect the Agency's mission.

46.     Plaintiff/Appellant showed, which MSPB ignored or did not give the proper weight that my removal was not based on my disability, disparate treatment, and for retaliation of my prior protected EEO activities.

47.     The decision in favor of Employer/Agency is not in accordance with law where the Agency disparately employed a zero tolerance policy with a pre-determined decision to remove Plaintiff/Appellant pursuant to the policy rather than to consider the *Douglas Factors* and reasonableness of the penalty as required by law.

48.     The decision is contrary to law where Plaintiff was subjected to disparate discipline in comparison to other MALE co-workers who received no discipline for their negative

actions and all were allowed to retire: i.e. stealing $40,000 in government equipment; AWOL and arrested for sales of crack cocaine; lying on timesheet, taking GOV to strip joint and leaving keys and government computer in car which GOV was stolen.

49. Because this issue was raised, the burden is placed on the Agency to explain the disparate treatment, and the Agency has failed to do.

50. Plaintiff was employed for almost ten (10) years with no prior issue until Mr. Breen became Plaintiff's new supervisor and Plaintiff was sexually harassed by co-worker John Galvez, who was found to have sexually harassed another of Defendant's employee.

51. The MSPB has recourse to what's called the Hillen Factors, which stems from Hillen versus Army and failed to follow and implement the Hillen Factors.

52. Defendant Employer/Agency's affidavits are laced with inconsistent statements, contradictions, false claims, which MSPB ignored or did not give considerable weight.

54   The MSPB AJ sided with the Agency despite the lack of candor, inconsistent statements, and false statements made throughout their affidavits.

55. Agency did not follow nor implement DOI policy and procedures regarding reasonable accommodations.

56. Agency neither followed nor implemented DOI policy and procedures regarding sexual harassment.

57. Agency created a hostile work environment negatively impacting the Plaintiff's health.

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served by

Via email to the counsel of record on the Service List below on 7/29/2021.

Signature: _____

Printed name: Delta Harris


Stephanie Filder, Counsel for Defendant
Email: Stephanie.fidler@usdoj.gov


Kevin.Jean@usdoj.gov.

DELTA HARRIS
(772) 501-9838
THE UPS STORE #3142
12081 W ALAMEDA PKWY
LAKEWOOD CO 80228-2701

0.4 LBS LTR 1 OF 1
SHP WT: LTR
DATE: 29 JUL 2021

30/Jul/2021 09:02 3491

SHIP TO:
U.S SOUTHERN DISTRICT COURT OF FL
101 S US HIGHWAY 1
RM 1016
FORT PIERCE FL 34950 4209

FL 349 1-01

1Z7V25X02407446580

UPS NEXT DAY AIR 1

TRACKING #: 1Z 7V2 5X0 24 0744 6580

BILLING: P/P
SIGNATURE REQUIRED

REF #2: AT

ISH 13.00F ZZP 450 48.5U 07/202

SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes. If exported from the US, shipper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration

al Express Envelope

