UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-14195-CIV-ROSENBERG/MAYNARD

**DELTA DANIELLE HARRIS**,

    Plaintiff,

v.

**DEB HAALAND, Secretary**
**United States Department of the Interior**,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

    **THIS CAUSE** is before me upon Defendant's Motion to Dismiss Plaintiff's Amended Complaint ("Motion to Dismiss"). DE 28. The District Court has referred this case to me for all non-dispositive matters and for a Report and Recommendation for any dispositive issues pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida. DE 16. I have reviewed the Motion to Dismiss, the Response (DE 30), the Reply (DE 31) and the record. Being otherwise duly advised, I respectfully **RECOMMEND** that the Motion to Dismiss be **GRANTED** for the reasons stated below.

    Plaintiff filed her initial complaint on May 18, 2020 (DE 1) and an amended complaint on July 30, 2021 (DE 25). Plaintiff alleges that she "was discriminated against and subjected to a hostile work environment based on disability . . . reprisal . . ., prior sexual harassment complaint, and ongoing EEO activity, and disparate treatment."[1] DE 25 at 1. Plaintiff brought her claim for

---

[1] Plaintiff's charges of hostile work environment, sexual harrassment and failure to accommodate are also the subject of another lawsuit in this District, Case No. 21cv14164 ("Related Case"). Defendant has filed a motion to dismiss in the Related Case on grounds that Plaintiff untimely appealed a Final Order of the U.S. Department of the Interior dated November 16, 2020 that implemented an order of the Equal Employment Opportunity Commission. Compl. at 10, 12, *Harris v. Haaland*, No. 21-14164-CIV-RLR (S.D. Fla. Apr. 12, 2021), ECF No. 1.

"employment discrimination" pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.* ("ADA")[2] and Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, and the Rehabilitation Act of 1973, 42 U.S.C. § 2000e *et seq.* alleging that hers is a "mixed case."[3]  *Id.*

On August 31, 2021, Defendant filed the instant Motion to Dismiss along with the administrative record from Plaintiff's appeal to the Merit Systems Protection Board ("MSPB"). DE 28; DE 29; DE 26.  Defendant moves for dismissal on grounds that Plaintiff's suit is untimely and was filed in the wrong forum.  DE 28 at 2-4 (citing *Kloeckner v. Sohs*, 568 U.S. 41(2012)). *Kloeckner* instructs that, under § 7703 of the Civil Service Reform Act of 1978 ("CSRA"), cases of discrimination are required to be filed in district court and "must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action."  568 U.S. at 45-46, 50.  In other words, "[i]n a mixed case appeal, the final decision from the MSPB exhausts an employee's administrative remedies and allows her to seek judicial review."  *Brady*, 521 F. App'x at 916 (citing *Chappell v. Chao*, 388 F.3d 1373, 1375 (11th Cir. 2004)).

Here, Plaintiff's initial complaint confirms that Plaintiff's suit in this Court is untimely. DE 28 at 2-3.  Plaintiff submitted a Petition for Review to the United States Court of Appeals for

---

[2] As Defendant observes, the ADA does not apply to the federal government; however the Rehabilitation Act does.  (DE 28 at n.1) (citing 29 U.S.C. § 701 *et seq.*).  *See also Moseley v. Lynch*, No. 17-15494-GG, 2018 WL 5822068, at *1 (11th Cir. Oct. 30, 2018) (noting that "because the ADA does not apply to employment by the federal government or its agencies, the District Court construed [plaintiff]'s claims as being raised under the Rehabilitation Act, which governs claims of discrimination by a federal agency on the basis of disability").  Therefore, like Defendant, I construe Plaintiff's ADA allegations as a claim under the Rehabilitation Act.

[3] "A federal employee who alleges employment discrimination related to or stemming from an 'an appealable agency action" i.e., an action that can be appealed to the [Merit Systems Protection Board ("MSPB")], presents a 'mixed case appeal.'"  *Brady v. Postmaster Gen., U.S. Postal Serv.*, 521 F. App'x 914, 916 (11th Cir. 2013) (quoting 29 C.F.R. § 1614.302(a)(2)).

the Federal Circuit ("Federal Circuit"), which the Federal Circuit stamped as received on February 21, 2020. DE 1 at 12. The Petition appealed a final decision of the MSPB ("Decision") that Petitioner represented she received on November 18, 2019. *Id.* at 12. The Decision stated that it was to become final on December 23, 2019. *Id.* at 38. Thus, the Federal Circuit received Plaintiff's Petition sixty (60) days following the date that the Decision was to become final.

Plaintiff attached to her Petition the MSPB's Decision, which affirmed the agency's action removing her from her position as Fish and Wildlife Biologist. *Id.* at 13-45. Included in it is information about "the three main possible choices for review" of the Decision including, in pertinent part, the following:

> This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, *on unlawful discrimination*. If so, you may obtain judicial review of this decision . . . by filing a civil action with an appropriate *U.S. district court* (not the U.S. Court of Appeals for the Federal Circuit), *within 30 calendar days* after this decision becomes final.

DE 1 at 43 (emphasis added). *See also* 5 U.S.C. § 7703 (b)(2) (stating that applicable "[c]ases of discrimination . . . must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action").

Plaintiff argues in her response that this Court should accept her suit as timely under principles of equitable tolling. DE 30 at 1-2. Plaintiff posits that equitable tolling should apply because she filed her action in the Federal Circuit within 60 days, and filing "in the wrong forum can be excused." *Id.* (citing, among other cases, *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Plaintiff did not only file in the wrong forum, however. She also failed to file her case within thirty days as required. Additionally, the authority that Plaintiff cites confirms Defendant's position that her suit should be dismissed as untimely. "Federal courts have typically extended equitable relief only sparingly . . . [and] have generally been much less forgiving in receiving late

3

filings where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin*, 498 U.S. at 96 (affirming a decision to grant a motion to dismiss because a complaint was not filed within a required 30-day timeframe). Because Plaintiff offers no justification for her late filing, I conclude that she failed to exercise the due diligence necessary to preserve her legal rights. As such, I find that Plaintiff's claim is time-barred.

Accordingly, I **RECOMMEND** that Defendant's Motion to Dismiss (DE 28) be **GRANTED**.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Robin L. Rosenberg. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to-factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn.*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. 4. 3-1 (2016). Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 25th day of October, 2021.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE